# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | CASE NO. 2:14-cr-024 |
| | * | |
| v. | * | |
| | * | |
| LEISHA ALLEN, | * | |
| | * | |
| Defendant, | * | |

### ORDER

Presently before the Court is Leisha Allen's ("Allen") Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a), as modified by the First Step Act of 2018. Dkt. No. 46. For the reasons set forth below, Allen's motion is **DISMISSED**.

### BACKGROUND

In October 2014, under a written plea agreement, Allen pleaded guilty to a two-count information charging her with conspiracy to commit theft of government money (Count One) and aggravated identity theft (Count Two). The Court sentenced Allen to a term of eighty-four months' imprisonment. In November 2015, Allen moved to vacate her conviction and sentence under 28 U.S.C. § 2255, which the Court dismissed. Dkt. Nos. 24, 32, 33. According to the BOP website, Allen is currently incarcerated at Carswell FMC located

AO 72A
(Rev. 8/82)

in Fort Worth, Texas, with a projected release date of June 1, 2021.

## DISCUSSION

Allen now moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a). Allen's motion is primarily based on the COVID-19 pandemic and her assertion of danger to her health. As the Government notes, Allen admits that she has not exhausted her administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A). Allen avers in her motion:

> On April 1, 2020 I submitted a letter to Warden Carr of Carswell Medical Center requesting home confinement under the Cares Act. . . . Warden Carr visited my housing unit on April 15, 2020 stating all inmate requests to the CARES Act had been denied by Ca[r]swell Review Staff. Upon hearing this disturbing news, I submitted a new letter to Warden Carr April 20, 2020 requesting compassionate release under the first step act, as of filing this order, I have not gotten a response. Therefore, I am appealing to [the Court] directly due to the urgent nature of my situation.

Dkt. No. 45 at 1.  In other words, Allen first requested home confinement under the Cares Act. Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020.  Once Allen learned the BOP had denied her request, she sought a different avenue for relief, i.e. compassionate release under § 3582(c)(1)(A) and the First Step Act.  She did not wait the requisite thirty days, however, for a response from the BOP before filing her motion for compassionate release with the Court.

2

AO 72A
(Rev. 8/82)

It is important to understand that a request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release. The BOP is utilizing its authority under 18 U.S.C. § 3623(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act.[1] These statutes do not authorize a federal court to order the BOP to release a prisoner. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without

---

[1] On March 26, 2020, the Attorney General directed the Director of BOP, upon considering the totality of the circumstances concerning each inmate, to prioritize the use of statutory authority to place prisoners in home confinement. That authority includes the ability to place an inmate in home confinement during the last six months or 10% of a sentence, whichever is shorter, see 18 U.S.C. § 3624(c)(2), and to move to home confinement those elderly and terminally ill inmates specified in 34 U.S.C. § 60541(g). Further, Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, permits BOP, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." On April 3, 2020, the Attorney General issued a memorandum directing BOP to "immediately maximize appropriate transfers to home confinement of all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and at other similarly situated BOP facilities where COVID-19 is materially affecting operations." See Memorandum from the Attorney General to the Director of the Bureau of Prisons (Apr. 3, 2020), available at https://www.justice.gov/file/1266661/download. As a result, the BOP implemented the Attorney General's directive.

jurisdiction to grant relief); see also United States v. Lovelace, No. 12-402, 2014 WL 4446176, at *2 (N.D. Ga. Sept. 2014) ("[T]he Court has no authority to grant Defendant's request and order the Bureau of Prisons to release Defendant to a halfway house." (citing 18 U.S.C. §§ 3621(b) & (b)(5))).

Secondly, with regard to Allen's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court finds Allen has failed to fully exhaust her administrative remedies with the BOP. As such, the Court lacks jurisdiction to decide Allen's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record ... indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))). Furthermore, Allen's assertion that the administrative exhaustion requirement is "futile" during the present pandemic is not persuasive. There is no futility exception to § 3582(c)(1)(A)'s administrative exhaustion requirement, and the Court declines to invent one.

Accordingly, Allen's motion, dkt. no. 404, is **DISMISSED**.

**SO ORDERED**, this 6th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4

AO 72A
(Rev. 8/82)