UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 1:17 pm, Sep 22, 2020

UNITED STATES OF AMERICA

v.

LEISHA ALLEN

Case No. 2:14cr024

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

   ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

   ☐ Time served.

If the defendant's sentence is reduced to time served:

   ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court is satisfied that Allen's medical condition, combined with the threat of COVID-19, qualifies as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c). That is not the end of the Court's analysis, however. The Court concludes that the 18 U.S.C. § 3553(a) factors weigh in favor of denying Allen's motion and allowing her to serve the sentence imposed. Allen's offenses of conviction, conspiracy to commit theft of government money and aggravated identify theft involving 782 fraudulent tax returns in excess of $2.1 million, were committed intentionally and without regard for her victims. Allen also has prior convictions: selling cocaine and distributing controlled substances within 1,000 feet of a school; and criminal trespass, in which it appears she and another individual were caught by law enforcement just before they intended to break into a business. Furthermore, Allen has not had a clean disciplinary record since entering Bureau of Prisons custody. She has been disciplined for fighting with another inmate, assaulting another inmate, fraudulently signing out for the pill line, making unauthorized calls, sending money to another inmate, falsifying a statement, unauthorized physical conduct, and refusing work

program. The Court cannot find that Allen would not be a danger to society if released. Moreover, to grant Allen compassionate release at this juncture would not reflect the seriousness of her crimes, promote respect for the law or victims, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: September 22, 2020

_____
UNITED STATES DISTRICT JUDGE